UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JANE DOE, Anonymous,

       Plaintiff,

   -v-                                                                           No.  19 CV 11587-LTS

WILHELMINA MODELS, INC., CAL TAN,
LLC., and NEW SUNSHINE, LLC,

       Defendants.

-------------------------------------------------------x

## Order

WHEREAS, this action was removed to this Court by the filing of a Notice of Removal on December 18, 2019; and

WHEREAS, the Court has reviewed such Notice of Removal to ascertain the basis for assertion of subject matter jurisdiction in this court; and

WHEREAS, such Notice of Removal asserts that the Court has jurisdiction based on diversity of citizenship (28 U.S.C. § 1332), but diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) requires a demonstration that the action is between citizens of different states and, with respect to the Plaintiff, the Notice of Removal alleges merely that Jane Doe "resides in a State other than New York"; and

WHEREAS, for purposes of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship," Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (citation omitted); see also Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978); Reynolds v. Wohl, 332 F. Supp. 2d 653, 656-57 (S.D.N.Y. 2004); and

WHEREAS, with respect to Defendants Cal Tan, LLC and New Sunshine, LLC, the Notice of Removal fails to allege state citizenship of the members of the LLC Defendants for purposes of diversity jurisdiction; and

WHEREAS, the citizenship of a limited liability company (LLC) is the same as that of each of its members, see Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001); and

WHEREAS, with respect to Wilhelmina Models, Inc., the Notice of Removal fails to allege state citizenship of the corporation for purposes of diversity jurisdiction; and

WHEREAS, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business," 28 U.S.C. section 1332(c)(1); and

WHEREAS, "'subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power,'" E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925, 929 (2d Cir. 1998) (citation omitted), and Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action;" it is hereby

ORDERED, that defendants Cal Tech, LLC, and New Sunshine, LLC, shall, no later than January 8, 2020, file and serve a Supplement to the Notice of Removal containing allegations sufficient to demonstrate a basis for subject matter jurisdiction in this Court or otherwise show cause in writing as to why this case should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: New York, New York
December 20, 2019

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge