UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JANE DOE, Anonymous,

      Plaintiff,

  -v-                                                   No.  19 CV 11587-LTS

WILHELMINA MODELS, INC., CAL TAN,
LLC, and NEW SUNSHINE, LLC,

      Defendants.

-------------------------------------------------------x

MEMORANDUM ORDER

      Plaintiff Jane Doe (the "Plaintiff" or "Doe") brings this action pseudonymously asserting state law claims of battery, invasion of privacy, and breach of fiduciary duty against Cal Tan, LLC, New Sunshine, LLC (together, the "Cal Tan Defendants"), and Wilhelmina Models, Inc. ("Wilhelmina") (collectively, "Defendants"), and additional state law claims of negligence and sexual harassment against Wilhelmina, to recover damages for sexual abuse she allegedly experienced as a minor during her employment with Wilhelmina and with the Cal Tan Defendants' predecessor.  (See Complaint, Docket Entry No. 14-3 (the "Compl.")). Plaintiff filed her complaint in the Supreme Court of the State of New York for New York County, and Defendants removed the case to this Court pursuant to 28 U.S.C. §§ 1332(a), and 1441(b)(1). (See Defendant's Notice of Removal, Docket Entry No. 1).

      Plaintiff now moves to remand the case back to the Supreme Court of the State of New York, arguing that because Wilhelmina, a citizen of New York, had been properly joined and served prior to the removal, the removal is barred by 28 U.S.C. § 1441(b)(2).   This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332(a).

The Court has reviewed carefully the parties' submissions, and, for the following reasons, Plaintiff's motion to remand is granted.

## BACKGROUND

The following facts, alleged in the Complaint, are taken as true for the purpose of this motion practice.

Plaintiff Jane Doe began her modeling career in 1991 when she was 14 years old. (Compl. at ¶ 26.)  In July 1993, California Suncare, Inc. ("California Suncare")[1] held a casting in New York during which Doe was selected for a photo shoot. (Id. at ¶¶ 27- 29.)  On August 25, 1993,[2] Doe traveled from Miami to Mexico to participate in a five-day photo shoot campaign. (Id. at ¶ 30.)  During the photo shoot in Mexico, California Suncare's employees sexually abused Plaintiff by molesting her and forcing her to pose naked and topless. (Id. at ¶¶ 27-55.)  "On August 31, 1993, Doe flew back from Mexico to her home, traumatized and so depressed that she was bed-ridden for three weeks." (Id. at ¶ 55.)  As a result of the sexual abuse by California Suncare, Doe began suffering from post-traumatic stress disorder (PTSD), anxiety, and depression. (Id. at ¶ 82.)

On November 15, 1993, a month after turning 17 years old, Plaintiff interviewed with Wilhelmina, a self-proclaimed preeminent modeling agency, in New York City. (Id. at ¶¶ 56-58.)  Wilhelmina is a New York corporation, with its principal place of business in New York

---

[1]  California Suncare is no longer in business.  Defendant Cal Tan is the successor corporation to California Suncare, Inc., and legally responsible for its liabilities. In 2006, Defendant New Sunshine purchased Cal Tan.  The two corporations are alter egos of one another and operate as a single enterprise.  They are both Indiana corporations with their principal places of businesses in Indianapolis, Indiana.  (See Compl. at ¶¶ 10-21.)

[2]  Plaintiff alleges that she traveled to Mexico for the photo shoot in August 2013.  (See Compl. at ¶ 27.)  The Court assumes this date is a typographical error, and that the Plaintiff in fact traveled in August 1993.

County.  (Id. at ¶ 7.)  On November 17, 1993, Plaintiff signed a two-year contract with the agency, thereby establishing an employer-employee relationship with Wilhelmina.  (Id. at ¶¶ 59-69.)  During her employment with Wilhelmina, Plaintiff was repeatedly subjected to sexually abusive treatment and forced to take pictures posing naked or topless.  (Id. at ¶¶ 82-105.)  Additionally, Wilhelmina kept a portfolio of photographs of Doe that it showed to potential clients, including the topless pictures of Doe taken by California Suncare.  (See Affirmation of Jane Doe, Docket Entry No. 14-13, at ¶¶ 7-9.)  As a result of "Wilhelmina's sexual exploitation of Doe compounded [by] the psychological distress she suffered at the hands of California Suncare[,]" Doe had "become so psychologically traumatized that she barely spoke and rarely left her apartment."  (Compl. at ¶ 104.)  Doe quit working with Wilhelmina in April 1994 and ended her modeling career.  (Id. at ¶ 105.)

## DISCUSSION

Plaintiff claims that she suffered emotional injuries that began during her trip to Mexico with California Suncare, the Cal Tan Defendants' predecessor, and were later aggravated during her employment with and as a result of Wilhelmina's treatment toward her.  (See Memorandum of Law in Support of Plaintiff's Motion to Remand Pursuant to 28 U.S.C. § 11587, Docket Entry No. 14-1 ("Motion to Remand"), at 4.)  Accordingly, Plaintiff seeks, inter alia, to recover from the Defendants under the New York Child Victims Act, see C.P.L.R. § 214-g (McKinney), for the cumulative injury and economic losses she experienced as a result of her emotional injuries.  Plaintiff argues that the Defendants were prohibited from removing this case

under the forum defendant rule and, therefore, this Court must remand her claims back to state court.

"[F]ederal courts construe [] removal statutes narrowly, resolving any doubts against removability." Purdue Pharma L.P. v. Kentucky, 704 F.3d 208, 213 (2d Cir. 2013).  As such, "the defendant bears the burden of demonstrating the propriety of removal," California Public Employees' Retirement System v. WorldCom, Inc., 368 F.3d 86, 100 (2d Cir. 2004) (internal quotation marks omitted), and "[t]he Court must construe all disputed questions of fact and controlling substantive law in favor of the plaintiff." Lis v. Lancaster, 2019 WL 2117644, at *4 (S.D.N.Y. Apr. 25, 2019) (internal quotation marks omitted).

A defendant may remove a civil action from state to federal court where the district court has original jurisdiction, except under the "forum defendant rule," which prohibits removal where any properly joined and served defendant is a citizen of the state in which the action was initially brought. See 28 U.S.C.A. § 1441(b)(2) (Westlaw through P.L. 117-36 with the exception of P.L. 116-283) ("A civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").  In New York, the permissive joinder rules allow for joinder of defendants "against whom there is asserted any right to relief . . . arising out of the same transaction, occurrence, or series of occurrences . . . if any common question of law or fact would arise." N.Y. C.P.L.R. § 1002(b) (McKinney).[3]

---

[3]   The Court analyzes the propriety of Defendants' joinder in this case under New York state law because this case was commenced in New York state court and the parties' dispute requires examination of joinder in the state court action before removal.  See Fed. Ins. Co. v. Tyco Int'l Ltd., 422 F. Supp. 2d 357, 381-83 (S.D.N.Y. 2006) (applying state law in evaluating pre-removal joinder of claims and parties).  However, as the Cal Tan

The Cal Tan Defendants argue that the forum defendant rule does not bar removal in this case because Wilhelmina, although a citizen of New York, was not properly joined.[4] First, they submit that Wilhelmina was not properly joined because Plaintiff's claims against the Cal Tan Defendants and Wilhelmina do not arise out of the same transaction or occurrence, or series of transactions and occurrences: the Mexico photo shoot and Plaintiff's employment with California Suncare ended three months before she interviewed with Wilhelmina.  Further, the Cal Tan Defendants argue that Plaintiff cannot show that the Defendants worked in concert.

New York state courts have, however, permitted the joinder of successive tortfeasors as defendants whose separate and independent acts have resulted in, and later aggravated, an initial injury.  See McIver v. Canning, 612 N.Y.S.2d 248, 249 (2d Dep't 1994) (reversing lower court's order severing causes of action that arose from two separate car accidents occurring more than six months apart, where the second accident aggravated the injuries sustained by plaintiff in the first accident, in interest of justice and judicial economy); Hawkes v. Goll, et al., 9 N.Y.S.2d 924, 925 (2d Dep't 1939), aff'd, 281 N.Y. 808, 24 N.E.2d 484 (1939) ("While the wrongful acts of the two defendants were not precisely concurrent in point of time, the defendants may nevertheless be joint tort feasors [sic] where, as here, their several acts of neglect concurred in producing the injury.").  Additionally, where the injuries sustained are indivisible due to the nature thereof, tortfeasors need not have acted in concert or concurrently. See Ravo v. Rogatnick, 70 N.Y.2d 305, 310, 313 (1987) (holding that doctors "who neither

---

Defendants note, it makes little difference whether state or federal law applies here because the New York rule of civil procedure governing permissive joinder is nearly identical to its federal corollary.  See Sons of the Revolution in New York, Inc. v. Travelers Indem. Co. of Am., No. 14 CIV. 03303 LGS, 2014 WL 7004033, at *3 (S.D.N.Y. Dec. 11, 2014)

4    Service upon Defendants in this case is uncontested for the purposes of the instant motion.

act[ed] in concert nor concurrently" to be jointly and severally liable where the resulting "injuries[,] because of their nature, [were] incapable of any reasonable or practicable division and allocation among multiple tort-feasors") (citation omitted).

Here, Plaintiff alleges that the Defendants' sexual mistreatment of her caused her to suffer from PTSD, anxiety, and depression, and that the emotional injuries she sustained were indivisible. She claims that the injuries she suffered at the hands of California Suncare were later aggravated by Wilhelmina, in part because of Wilhelmina's use of the nude photographs taken by California Suncare. The fact that there was a three-month gap between the end of her work for California Suncare and the start of her work for Wilhelmina is insufficient to support a finding of improper joinder, because the Defendants need not have inflicted the emotional injuries at issue simultaneously. See Estate of Finn v. City of New York, 350 N.Y.S.2d 552, 555-56 (1st Dep't 1973) (finding that both defendants' breach of their independent duties caused plaintiff an indivisible emotional harm and rendered them jointly and severally liable to plaintiff). The Defendants' alleged separate instances of mistreatment towards Doe thus arise sufficiently out of the same series of transactions or occurrences that Defendants could be held jointly liable for Plaintiff's injuries.

The Cal Tan Defendants further argue improper joinder because Plaintiff's claims against the Cal Tan Defendants and Wilhelmina do not involve any common questions of law or fact. The Cal Tan Defendants submit that New York has little connection to the allegations against them because the torts at issue arise out of events allegedly occurring in Mexico. Accordingly, the Cal Tan Defendants argue that, under New York's choice-of-law rules, Mexican tort law should apply to Plaintiff's claims against them, unlike Plaintiff's claims against Wilhelmina. However, the Cal Tan Defendants ignore the allegation that Plaintiff was cast for

the Mexico photo shoot in New York, which provides a possible basis for the finding of a connection between Plaintiff's claims against the Cal Tan Defendants and the state of New York sufficient to support the application of New York law under a choice-of-law analysis.  Moreover, Plaintiff's claims against the Defendants are intertwined and involve common questions of both law, such as what constitutes a "sexual offense" under the Child Victims Act, and fact, including whether, and to what extent, the injuries allegedly inflicted by Cal Tan Defendants were further aggravated by Wilhelmina.

Finally, the Cal Tan Defendants argue that the forum defendant rule does not defeat removal here because Plaintiff's joinder of Wilhelmina was in bad faith.  Their bad faith argument is grounded in a conversation during which defense counsel erroneously asserted that Wilhelmina breached its duty of care to Doe when it arranged for her to participate in the Mexico photo shoot, when in fact the Mexico photo shoot took place prior to the commencement of Doe's employment with Wilhelmina.  The Cal Tan Defendants argue that Wilhelmina provided Plaintiff's counsel with irrefutable evidence regarding Wilhelmina's lack of involvement in the Mexico photo shoot, and, therefore, Plaintiff's joinder of Wilhelmina was in bad faith.  The Court finds no proper basis in this proffer for an inference that Plaintiff, in naming Wilhelmina as a party defendant, acted in a manner rising to the level of bad faith.  Plaintiff does not allege that Wilhelmina was involved in the Mexico photo shoot; she alleges that she suffered indivisible injuries from similar, sequential conduct of the two defendants.

For these reasons, the Court finds that Defendants have not met their burden of showing that removal of this case was proper.[5]  Accordingly, removal is barred by 28 U.S.C. section 1441(b)(2) and this case must be remanded back to state court.

<u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's motion to remand is granted.  This Memorandum Order resolves Docket Entry Nos. 8 and 14.

The Clerk of the Court is directed to close this case and to remand it to New York State Supreme Court, New York County.

SO ORDERED.

Dated: New York, New York
August 23, 2021

   /s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[5] The Court need not address the Cal Tan Defendants' argument regarding fraudulent misjoinder here because, in order to successfully argue the doctrine's applicability in this case, the Cal Tan Defendants would first have to prove that Wilhelmina's joinder was improper under New York's permissive joinder rules.  See <u>Sons of the Revolution in New York, Inc</u>, 2014 WL 7004033, at *3.  Because the Court has found that Plaintiff properly joined Wilhelmina, the Cal Tan Defendants' fraudulent misjoinder argument is moot.